UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 23-cr-10244-LTS |
| | ) | |
| AUGOSTO MOSCAT, | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ON MOTION TO REDUCE SENTENCE (DOC. NO. 117)

August 4, 2026

SOROKIN, J.

Augusto Moscat seeks an order reducing the federal sentence he is presently serving, arguing that the two-point enhancement for a leadership role, under § 3B1.1 of the United States Sentencing Guidelines, should not have been applied to him.  Doc. No. 117.  Having reviewed the record, the Court finds no response by the government is necessary and DENIES the motion.

On January 8, 2025, Moscat waived indictment and pleaded guilty to a drug-trafficking offense set forth in an Information.  Doc. Nos. 94, 95, 96, 97.  In the plea agreement—a binding plea under Federal Rule of Criminal Procedure 11(c)(1)(C)—the parties agreed to a sentence that included incarceration for a term of 108 months.  Doc. No. 94.  The parties also agreed that Moscat's total "offense level" under the Guidelines was 31, which calculation included a two-point enhancement for his role as an "organizer, leader, manager, or supervisor of a criminal activity."  Id. (citing USSG § 3B1.1).  The presentence investigation report ("PSR") prepared by Probation and reviewed by the parties and the Court likewise calculated Moscat's total "offense level" as 31, including the two-point role adjustment.  The Court sentenced Moscat on April 9, 2025, to 108 months' imprisonment followed by five years of supervised release, and judgment entered thereafter.  Doc. Nos. 105, 106.  Moscat did not appeal.

Now, in a motion filed on his own behalf, which this Court construes liberally, Moscat seeks a reduction in his sentence.  He contends that the Court erred by applying the two-point enhancement under § 3B1.1, and he says that he thought that by waiving indictment and signing the plea agreement, he "would be considered as a minor role participant."  Doc. No. 117 at 2–3. A review of the record, including the PSR, plea agreement, and sentencing memoranda, forecloses Moscat's argument for a sentence reduction.

As the PSR reflects, Moscat received a two-point increase to his offense level under § 3B1.1(c) based on his role "as a leader, manager, or supervisor" of the charged criminal activity.  The PSR explained that Probation determined the two-point role adjustment was warranted because "the co-defendant worked as a courier for [Moscat]," making Moscat "an organizer, leader, manager, or supervisor."  Neither party objected to this calculation (or to any other aspect of the PSR).  The Court reviewed, accepted, and adopted Probation's calculation. Moscat does not now identify any factual errors in the PSR pertinent to the role enhancement.

Nor was the two-point enhancement a surprise.  The plea agreement, signed by Moscat, memorialized the parties' agreement that Moscat's "offense level is increased by 2 levels, because [Moscat] was an organizer, leader, manager, or supervisor of a criminal activity."  Doc. No. 94 at 2 (citing USSG § 3B1.1).  Moscat's own sentencing memorandum acknowledged the application of this adjustment.  See Doc. No. 104 at 4.  The Court reviewed the parties' calculation of the Guidelines during the plea hearing, and it reviewed and adopted Probation's calculation during the sentencing hearing.  Doc. Nos. 97, 105.

Even without the two-point role adjustment, the parties' agreed-upon sentence of 108 months' incarceration would have been a within-Guidelines sentence.  The Guidelines range for a defendant in Criminal History Category I and Offense Level 29 is and was 87–108 months.

2

Finally, Moscat states that he understood that "by waiving the Indictment he would be agreeing to the offense of 21 U.S.C. § 846." Doc. No. 117 at 2. That is correct. The plea agreement provided, and the judgment reflects, that Moscat pleaded guilty to Count I of the Information: violation of 21 U.S.C. § 846. Doc. Nos. 94, 95, 106. This is the offense for which Moscat was sentenced to 108 months' imprisonment, 5 years' supervised release, and a $100 mandatory special assessment. Doc. No. 106. But nothing in the plea agreement, PSR, or otherwise in the record suggests that Moscat's plea agreement contemplated he would receive a minor-role reduction, as he now suggests. Doc. No. 117 at 2–3. As explained above, the record shows just the opposite.

For all these reasons, Moscat's motion to reduce sentence (Doc. No. 117) is DENIED. Moscat is encouraged to review this Order with his attorney and, if Moscat has further questions about his sentence, the terms of his plea agreement, or the Guidelines calculations, to discuss those matters with his attorney.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge